JOURNAL ENTRY AND OPINION
An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1(E).
Plaintiff-appellant J. Norman Stark Co., LPA (LPA), appeals on the accelerated docket from the trial court's orders of: (1) February 3, 2000, which approved and confirmed the January 25, 2000, findings and report of Magistrate Laine and granted judgment for the defendant-appellee Kirby Dahl, Esq. (Dahl); and, (2) March 20, 2000, which overruled plaintiff's objections to the Magistrate's report. For the reasons adduced below, we affirm.
A review of the record on appeal indicates that Cold Spring Granite Company (Cold Spring), of Cold Spring, Minnesota, provided granite material to Corcoran Tile Marble Company, of North Royalton, Ohio, pursuant to a written contract in the amount of $22,144.72 and dated October 30, 1997. Corcoran Tile Marble Company installed the granite material at St. Sava Serbian Eastern Orthodox Church located at 2151 West Wallings Road, Broadview Heights, Ohio.
Subsequent to the installation of the granite material, and non-payment by Corcoran, Cold Spring sought to file a mechanics lien on the church building project in order to protect its financial interest. Counsel for Cold Spring, to-wit, defendant-appellee-attorney Kirby Dahl, telephoned attorney Jay Norman Stark at LPA in mid-August of 1998 to discuss having LPA handle the filing of the mechanics lien in Ohio on behalf of Cold Spring. By letter dated August 12, 1998, Dahl accepted the stated fee for LPA's services with regard to the filing of the mechanics lien as a flat fee amount of $450 plus filing costs.
By letter dated August 15, 1998, LPA informed Dahl that the affidavit for mechanics lien had been filed with the county recorder on August 14, 1998, and further advised Dahl that, despite having not received a legal description of the church property, he had performed the records research necessary to define the legal descriptions of the church property for purposes of the mechanics lien. No additional fee amount was requested by Stark in the letter for this records research. Stark further urged Dahl to retain the LPA to pursue collection litigation on the debt. Stark quoted a potential fee for the collection litigation as follows: (1) $1,000 retainer in advance; (2) $200 per hour for Stark's services; (3) $100 per hour for associate time; (4) plus out of pocket expenses, costs, and filing fees.
On August 20, 1998, at 4:00 p.m., Dahl received a telephone message from Doug Taylor of Corcoran indicating that Corcoran had paid the amount owed Cold Spring, in full, the previous week. See defendant's exhibit 4.
By letter dated September 2, 1998, Dahl informed Stark that the debt amount to Cold Spring had been paid in full and requested that Stark (1) prepare the necessary documents to release the mechanics lien and (2) submit a final bill for services. Stark did not file a discharge of lien, but did submit a final billing statement to Dahl.
By facsimile letter dated September 12, 1998, Stark submitted his final bill to Dahl in the amount of $1,528.00.[1] Stark further requested that a draft for the full amount be forwarded to him so as to permit him to prepare and file the discharge of lien.[2] Attached to the facsimile was a detailed fee invoice, stating in relevant part:
 Open file $ NC 8/14/98 Preparation and Recording Mechanics Lien 450.00 Research; Additional Services; Legal Descriptions 2.25 hrs. 450.00 Copies of Ownership, Transfers 6.00 Recording Fee 22.00 8/15/98 Correspondence, 1.5 hrs. 300.00 Postage, Certified Mail Notification, 3 @ $1.50 4.50 Copy Charges (Xerox) 9.50 8/27/98 Telconf. W/St. Sava's Counsel re payment, 0.1 hrs. 20.00 Preparation of Discharge of Lien, Recording 150.00 Notification of Satisfaction, Discharge to Client and all parties 100.00 Recording Fee, Satisfaction 16.00 Review all documents, close file NC 
TOTAL $1,528.00
By letter dated September 14, 1998, Dahl acknowledged with shock the fee bill submitted by Stark, noting that the original agreement was $450.00 for the service and that the additional amounts sought by Stark were not authorized in advance by Dahl. Attorney Dahl urged Stark to review the billing and reconsider the amount sought.
By facsimile letter dated September 22, 1998 (see defendant's exhibit 9), Stark responded with indignation to Dahl's September 14 letter and, stating his version of the fee arrangement, demanded payment of the fee bill of $1,528.00:
Dear Mr. Dahl:
 Your letter of September 14, 1998 is acknowledged. This is my response to your unfair and distorted characterization.
 You were also told by me, from the outset, that the fee for preparing and filing a Mechanic's Lien was, in fact, $450.00, plus recording fees. I also advised you that any additional services, including research, legal descriptions, litigation, etc. was at my regular rate of $200.00 per hour, plus out-of-pocket costs. * * *
 As local legal counsel, I did not believe I needed to call in to you for permission to do that which, in my professional judgment, was necessary and warranted. Especially since the amounts of services involved were so small.
* * *
On November 25, 1998, Cold Spring issued a check to Stark in the amount of $508.00 ($450.00 + $58.00 = $508.00). This check was deposited into LPA's account on November 30, 1998. Stark continued to bill Dahl for the disputed remainder of the fees, but payment was not forthcoming.
On July 23, 1999, Stark and the LPA filed suit against Dahl seeking the contested fee amount of $1,020.00 plus additional interest of $62.42 (2% finance charge per month) on that contested amount.
The matter was heard before Magistrate Turner on August 26, 1999.[3]
On October 13, 1999, Magistrate Turner issued her report and recommendation in which she concluded that the fee was based on a flat fee arrangement of $450.00, plus expenses, and recommended judgment for defendant at plaintiffs' costs. On October 26, 1999, Stark filed an objection to this Magistrate's report alleging that the Magistrate had verbally indicated at the hearing that judgment would be granted in favor of plaintiffs, and that it was an abuse of discretion to later grant judgment to defendant subsequent to hearing and subsequent to a post-hearing letter from Dahl to the Magistrate. On December 6, 1999, the trial court, without opinion, sustained plaintiff's objection, vacated the Magistrate's recommendation and scheduled the matter for a new hearing before a Magistrate.
Following a new hearing before Magistrate Laine in mid-December of 1999, the Magistrate, based on the evidence iterated above, concluded that Stark's fee was a flat fixed fee of $450.00 plus expenses for the preparation and filing of the mechanics lien, and that the preparation and filing of the lien included all services necessary to complete the transaction.[4] See Magistrate Laine's report of January 25, 2000. As found by the Magistrate, there was no evidence by plaintiff that prior to September 12, 1998, he had contacted defendant concerning the need for additional legal fees. Id.Likewise, there was no evidence that the original flat fee was later amended to a flat fee plus an hourly rate of $200.00 and other services. Id. The Magistrate also found that Stark failed to meet his burden of proof that the additional legal fees were necessary or reasonable pursuant to DR-2-106(B). Id. The Magistrate recommended judgment for defendant at plaintiff's costs. Id. The trial court approved and confirmed the new Magistrate's report on February 3, 2000, granting judgment in favor of defendant at plaintiffs' costs.
On February 8, 2000, Stark filed his objections to the second Magistrate's report. These objections included the following: (1) the conclusion that payment for services was based on a flat fee of $450.00, plus expenses, was against the weight of the evidence; and, (2) the services provided by Stark were reasonable and necessary pursuant to DR-2-106(B)(1). The trial court overruled these objections, without opinion, on March 20, 2000, stating that the judgment entered on February 3, 2000 remains in full force and effect.
The notice of appeal was filed by plaintiff on April 13, 2000, from the orders of February 3 and March 20, 2000. Appellant presents the following lone assignment of error:
 I THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN OVERRULING APPELLANTS' OBJECTIONS TO THE MAGISTRATE'S DECISION AND GRANTING JUDGMENT IN FAVOR OF APPELLEE, INASMUCH AS THE MAGISTRATE ABUSED HER DISCRETION, BASED UPON THE EVIDENCE PRESENTED AT HEARING, IN FINDING AGAINST APPELLANTS ON THEIR CLAIM FOR COLLECTION OF LEGAL FEES.
At its heart, appellant argues that the trial court abused its discretion in approving and confirming the report and recommendation of Magistrate Laine.
In reviewing a manifest weight of the evidence argument, we note that a judgment supported by some competent, credible evidence going to the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Since the trial judge is best able to view the witnesses and observe their demeanor when he weighs the credibility of the offered testimony, there is a presumption that the findings of the trier of fact are correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. The weight to be given the evidence and the credibility of the witnesses are primarily for the finder of fact. Shore, Shirley Co. v. Kelley (1988),40 Ohio App.3d 10, 531 N.E.2d 333.
As noted by this court in another case where a party objected to a referee or magistrate's report, but failed to provide a transcript of the hearing:
 Since this court lacks a transcript in order to evaluate the testimony of the witnesses at the hearing * * *, the referee's findings in this regard must be accorded deference. See, e.g., Farina v. Perry (Mar. 3, 1994), 1994 Ohio App. LEXIS 787, Cuyahoga App. No. 64791, unreported; Williams v. Cotton (May 26, 1994), 1994 Ohio App. LEXIS 2280, Cuyahoga App. No. 66312, unreported.
Mihovk v. Paulson (Sept. 19, 1996), Cuyahoga App. No. 69987, unreported, 1996 Ohio App. LEXIS 4090, at 16.
In the case sub judice, the evidence submitted in the record on appeal clearly indicates nothing more than a flat-fee agreement for $450.00, plus expenses, between the parties. As to the reasonableness and necessity of the contested fees pursuant to DR-2-106(B), a review of the testimony thereto is required in order to determine whether the Magistrate abused her discretion in concluding that such was not demonstrated. Lacking the transcript detailing the testimony, we must defer to the Magistrate's findings. Id. We find no abuse of discretion in the trial court adopting and confirming the Magistrate's report.
Assignment overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
TIMOTHY E. McMONAGLE, P.J., and
MICHAEL J. CORRIGAN, J., CONCUR.
_________________________ JAMES D. SWEENEY, JUDGE
[1] Discounting the original agreed fee of $450.00, and arguably legitimate fees/costs and expenses totaling $58.00, there remains an additional $1,020.00 in dispute.
[2] The discharge of lien was prepared and filed by Dahl.
[3] A transcript of the Magistrate's hearing is not in the record on appeal.
[4] The record on appeal contains exhibits presented at the hearing but does not contain a copy of the hearing transcript.